Case 3:21-cv-00693-M   Document 1-6   Filed 03/24/21   Page 1 of 8   PageID 16

FILED
2/2/2021 11:59 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

1 CIT/SOS/ESERVE
1 CIT/CERT. MAIL

CAUSE NO. _____DC-21-01485_____

| | | |
|---|---|---|
| CHARLES TODD CLOWER,<br>　　Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DALLAS COUNTY, TEXAS |
| FERNO GROUP, INC. and<br>FERNO – WASHINGTON, INC.,<br>d/b/a FERNO,<br>　　Defendants | §<br>§<br>§<br>§<br>§ | 68th<br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Charles Todd Clower, who files this Original Petition against Ferno Group, Inc. and Ferno-Washington, Inc., d/b/a Ferno (collectively, "Ferno"). Plaintiff respectfully shows the Court as follows:

### A.
### DISCOVERY CONTROL PLAN

1. Plaintiff moves for Level 3 discovery under Tex. R. Civ. P. 190.4 and requests the Court to enter a discovery control plan tailored to the circumstances of this lawsuit.

### B.
### PARTIES

2. Plaintiff Charles Todd Clower is an individual residing in Van Zandt County, Texas.

3. Defendant Ferno Group, Inc. is an Ohio corporation with its principal place of business at 70 Weil Way, Wilmington, Ohio 45177. At all pertinent times, and as described below, Ferno Group, Inc. has engaged in business in Texas. Ferno Group, Inc. does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made in this action. Accordingly, Ferno Group, Inc. may be cited by

EXHIBIT
C-2

serving the Texas Secretary of State provided that the citation and petition are forwarded to Ferno Group, Inc.'s home office address, 70 Weil Way, Wilmington, Ohio 45177, by certified mail, return receipt requested.

4. Defendant Ferno-Washington, Inc., d/b/a Ferno is an Ohio corporation with its principal place of business at 70 Weil Way, Wilmington, Ohio 45177. Ferno-Washington, Inc. may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### C.
### JURISDICTION AND VENUE

5. The amount in controversy is within the jurisdictional limits of this Court.

6. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

7. Under Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Dallas County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County.

### D.
### FACTS

8. Charles Todd Clower ("Todd") has worked as a certified paramedic since 2001, and joined his current employer, CareFlite, in 2015. In or around 2018, CareFlite purchased Ferno iNX stretchers, and deployed them for use by CareFlite's ambulance fleet and for the benefit of its paramedics. The iNX stretcher at issue ("Stretcher") had been assigned to Todd's ambulance for approximately two years before the incident described below. The Stretcher had no prior damage or maintenance problems.

9. On the afternoon of January 3, 2020, Todd and a co-worker transferred a patient by ambulance from Texas Health Presbyterian in Kaufman, Texas to Texas Health

Presbyterian in Dallas, Texas. The patient weighed approximately 450 pounds, well under the Stretcher's 700-pound rating as warranted and advertised by Ferno. The Stretcher even has a sticker notifying users of its claimed 700-pound capacity.

10. Upon arrival to the emergency drop-off at Texas Health in Dallas, Todd and his co-worker unloaded the Stretcher and patient from the ambulance. After clearing the Stretcher from the back of the ambulance, and as the Stretcher was being mechanically lowered to its "ride" height, Todd felt the Stretcher "pop" and suddenly one side fell down. The sudden force from the Stretcher failure pulled Todd's left arm across his body as he held on to try and prevent the patient from falling to the ground. Todd felt a tear and immediate, excruciating pain in his left shoulder. The Stretcher failure caused a rotator-cuff tear in Todd's left shoulder.

11. A critical piece of plastic housing broke where the Stretcher's leg connects to its support frame, causing the Stretcher to fail.[1] Ferno negligently used plastic for this pivotal component of the Stretcher, rendering it defective and unreasonably dangerous to paramedics like Todd. Ferno also warranted the Stretcher to hold 700 pounds when it could not, making the "700 lb" warning label clearly inadequate and misleading.

---

[1] Ferno has not responded to correspondence from Todd's counsel, and Todd has therefore not had an opportunity to examine the Stretcher for further defects.

# E.
# CAUSES OF ACTION

**Products Liability**

12. At all pertinent times, Ferno was engaged in the business of designing, manufacturing, and marketing ambulance stretchers, including the Stretcher that injured Todd. Ferno placed the Stretcher into the stream of commerce by selling it to Todd's employer, CareFlite. The Stretcher was defective and unsafe for its intended purposes at the time it left Ferno's control, and the Stretcher's defects were a producing cause of Todd's injuries and damages.

*Design Defect*

13. The Stretcher was defectively designed and therefore unreasonably dangerous to Todd. Specifically, Ferno used plastic for the critical piece of housing meant to secure the bolt that connects the Stretcher's leg to its support frame. A safer alternative design existed at the time Ferno manufactured the Stretcher, and that design would have prevented or significantly reduced the risk of Todd's injuries without substantially impairing the Stretcher's utility. Moreover, the safer alternative design was economically and technologically feasible by the application of existing or reasonably-achievable scientific knowledge at that time.

*Manufacturing Defect*

14. Alternatively, the Stretcher contained a manufacturing defect because it deviated from its design and specifications in a manner that rendered it unreasonably dangerous to users like Todd. Specifically, the piece of plastic housing meant to secure the leg-to-frame bolt was improperly formed and insufficiently strong to hold the bolt in place and accommodate a 450-pound patient.

*Marketing Defect*

15. The Stretcher was also defective and unreasonably dangerous due to a marketing defect. Ferno knew or should have known the Stretcher presented a risk of harm to paramedics like Todd when overloaded, or that such a risk may arise from its intended or reasonably anticipated use.  But Ferno failed to warn users like Todd that the Stretcher could not support the load of a 450-pound patient.  Instead, Ferno put a "700 lb" rating label on the side of the Stretcher, giving paramedics like Todd the false impression that the Stretcher could safely handle loads up to that amount.  This marketing defect made the Stretcher unreasonably dangerous to users like Todd and caused his injuries.  Had Ferno provided adequate warnings, Todd would have followed them.

**Breach of Warranties**

*Breach of Express Warranty*

16. Ferno expressly warranted the quality, characteristics, and functionality of the Stretcher, including a 700-pound rating, but breached the warranty by producing a stretcher that could not hold that weight.  Ferno's breach of warranty proximately caused Todd's damages.

*Breach of Implied Warranty of Merchantability*

17. Ferno, a merchant, sold goods that were unmerchantable and Ferno's breach of warranty proximately caused Todd's damages.

*Breach of Implied Warranty of Fitness for a Particular Purpose*

18. Ferno sold goods with knowledge that Todd's employer, CareFlite, was buying the goods for a particular purpose and relying on Ferno's skill or judgment to select goods fit for that purpose.  But Ferno delivered goods that were unfit for CareFlite's particular purpose. Ferno's breach of warranty proximately caused Todd's damages.

**Negligence**

19. Ferno owed Todd duties of ordinary care in the design and manufacture of the Stretcher so that it would be safe and fit for use by paramedics. Ferno breached its duties by designing and producing a stretcher with plastic for the critical piece of housing meant to secure the bolt that connects the Stretcher's leg to its support frame. A reasonable and prudent manufacturer would have used stronger material for this piece of housing.

20. Ferno also owed Todd a duty of ordinary care in marketing the Stretcher, i.e., by warning him about dangers inherent in the Stretcher or its use that Ferno knew about, or should have known about, and that were not readily apparent to end users like Todd. Ferno breached its duty by failing to warn Todd about the true weight capacity of the Stretcher, and instead labeling the Stretcher as having a "700 lb" capacity.

21. Ferno's negligent acts, individually or collectively, proximately caused Todd's damages.

## F.
## DAMAGES

22. As detailed above, Ferno's conduct was the producing and proximate cause of Todd's damages, which include:

    a. Medical expenses in the past;

    b. Physical pain and suffering in the past, and in reasonable probability, pain and suffering in the future;

    c. Physical impairment in the past, and in reasonable probability, physical impairment in the future; and

    d. Loss of past earning capacity.

## G.
## JURY DEMAND

23. Todd demands a trial by jury.

## H.
## REQUEST FOR RELIEF

24. WHEREFORE, PREMISES CONSIDERED, Todd respectfully requests that Ferno be cited to appear and answer, and after trial by jury, that Todd have the following:

    a. Judgment against Ferno for damages described in this Petition;

    b. Pre-judgment and post-judgment interest at the maximum legal rate;

    c. Court costs; and

    d. Such other and further relief, at law or in equity, to which Todd is justly entitled.

Respectfully submitted,

*/s/ Brett F. Miller*

Brett F. Miller
SBN 24065750
**WARD, SMITH & HILL, PLLC**
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: bmiller@wsfirm.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katy Lobley on behalf of Brett Miller
Bar No. 24065750
klobley@wsfirm.com
Envelope ID: 50267571
Status as of 2/4/2021 11:57 AM CST

Associated Case Party: CHARLESTODDCLOWER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brett F. Miller | | bmiller@wsfirm.com | 2/2/2021 11:59:38 AM | SENT |